IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORY DAVIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>JUMIO CORPORATION, a Delaware corporation,<br><br>    Defendant. | Case No. 1:22-cv-776 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Jumio Corporation ("Jumio") hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. For the reasons explained below, this Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

### I.  THE STATE COURT ACTION

On January 12, 2022, Plaintiff Cory Davis ("Plaintiff") filed a Class Action Complaint in the Circuit Court of Cook County, Illinois, captioned *Cory Davis v. Jumio Corporation*, 2022CH00263 (the "State Court Action"). Copies of the complaint and summons were served on Jumio on January 14, 2022. *See* Ex. 1 (class action complaint); Ex. 2 (summons); Ex 3 (notice of service of process). No other "process, pleadings, [or] orders" have been served upon Jumio by Plaintiff in the Circuit Court of Cook County. 28 U.S.C. § 1446(a).

The Complaint alleges that "Jumio operates an identity verification service [and] contracts with various businesses to perform identity verification on those companies' users" using its "biometric-based identity verification software." Ex. 1 ¶ 1. The Complaint further

alleges that Jumio was required to, but did not, "properly inform Plaintiff and the Class members in writing that biometric data was being collected or stored" or "of the specific purpose and length of time for which their biometric data [was] being collected, stored, and used," and that Jumio did not obtain written consent "from Plaintiff or the members of the Class to collect, capture, or otherwise obtain their biometric data." *Id.* ¶ 6. Based on these and other allegations, Plaintiff asserts a single cause of action against Jumio for violation of subsection 14/15(b) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1–14/99. *See* Ex. 1 ¶¶ 43–53.

Plaintiff also seeks to represent a proposed class of "[a]ll residents of the State of Illinois who had their biometric identifiers or biometric information, including faceprints and facial geometry, collected, captured, received, or otherwise obtained by or disclosed to Jumio while residing in Illinois" and alleges that "[Jumio] has collected, captured, or otherwise obtained biometric identifiers or biometric information from at least hundreds of consumers" such that "individual joinder is impracticable." *Id.* ¶¶ 38, 39. Among other relief, Plaintiff seeks on behalf of himself and every class member: (1) declaratory relief, (2) statutory damages, (3) injunctive and equitable relief, and (4) attorneys' fees and costs. *See id.* at 15 (Prayer for Relief).

## II.    GROUNDS FOR REMOVAL

### A.    This action is removable under the Class Action Fairness Act of 2005.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to CAFA. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs;" and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of

a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

### 1. This is a putative class action in which the aggregate number of members is 100 or more.

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiff seeks to represent a putative class pursuant to 735 ILCS 5/2-801, *see* Ex. 1 ¶ 38, which authorizes "[a]n action [to] be maintained as a class action . . . if . . . (1) The class is so numerous that joinder of all members is impracticable[,] (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) The representative parties will fairly and adequately protect the interest of the class[, and] (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801. These requirements are "patterned" after those of Federal Rule of Civil Procedure 23. *See Smith v. Ill. Cent. R.R. Co.*, 860 N.E.2d 332, 337–38 (Ill. 2006). It is thus a "similar State statute" under CAFA.

Plaintiff's putative class action likewise contains 100 or more members. Plaintiff seeks to represent a class of "[a]ll residents of the State of Illinois who had their biometric identifiers or biometric information, including faceprints and facial geometry, collected, captured, received, or otherwise obtained by or disclosed to Jumio while residing in Illinois" and alleges that Jumio has "obtained biometric identifiers and biometric information from at least hundreds of consumers who fall into the definition of the Class." Ex. 1 ¶¶ 38, 39.

The class as alleged thus consists of more than 100 members. Accordingly, this is a putative class action in which the aggregate number of proposed class members is 100 or more.

### 2.     The amount in controversy exceeds $5,000,000.

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Here, Plaintiff seeks to represent a putative class of "[a]ll residents of the State of Illinois who had their biometric identifiers or biometric information, including faceprints and facial geometry, collected, captured, received, or otherwise obtained by or disclosed to Jumio while residing in Illinois." Ex. 1 ¶ 38. He alleges that Jumio extracts biometric identifiers from photographs uploaded by customers of the "various businesses" with which Jumio partners, *see, e.g.*, *id.* ¶¶ 21, 22, 27, 28, 33; he asserts that Jumio was required to but failed to comply with BIPA, *see id.* ¶ 36; he presents as a question common to the putative class "whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently," *id.* ¶ 40; and he seeks to recover $5,000 for each willful or reckless violation of BIPA, *id.* ¶ 53. It is also established in the sworn declaration accompanying this Notice of Removal that, over the five-year period preceding January 12, 2022 (the date the complaint was filed), more than 1,000 individuals whom Jumio has reason to believe were located in Illinois verified their identities through Jumio in connection with their use of the online cryptocurrency marketplace referred to as Binance. *See* Declaration of Bala Kumar In Support of Notice of Removal ("Kumar Decl.") ¶ 2 (attached hereto as Exhibit 4). Thus, the proposed class is comprised of more than 1,000 individuals, and the amount in controversy in this case exceeds $5,000,000 and justifies removal under CAFA. *See, e.g.*, *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617–18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that

much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").

By the statements contained in this Notice of Removal, Jumio does not concede that Plaintiff is entitled to any damages or other relief. The Complaint nonetheless places more than $5,000,000 in controversy, exclusive of interest and costs, and CAFA's second requirement is therefore satisfied.

### 3. The parties are minimally diverse.

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiff resides in Illinois and, on information and belief, is domiciled in Cook County, Illinois. *See* Ex. 1 ¶ 8 (alleging Cook County residency); *Seaboard Fin. Co. v. Davis*, 276 F. Supp. 507, 509 (N.D. Ill. 1967) ("The citizenship of an individual for purposes of diversity jurisdiction is considered to be that of his domicile," and "[t]he domicile is the state in which a person resides with the intention of remaining."). Plaintiff also seeks to represent a class of "[a]ll residents of the State of Illinois who had their biometric identifiers or biometric information . . . obtained by or disclosed to Jumio while residing in Illinois," Ex. 1 ¶ 38, and it stands to reason that at least one of those individuals is domiciled in and thus a citizen of Illinois.

Jumio is not a citizen of Illinois but is instead a citizen of only the states of Delaware and California. *See* Ex. 1 ¶ 9 (alleging that Jumio is incorporated under the laws of Delaware and has its principal place of business in Palo Alto, California); 28 U.S.C. § 1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Accordingly, the parties are minimally diverse as required under CAFA. *See* 28 U.S.C. § 1332(d)(2).

### B. None of CAFA's exceptions bars removal in this case.

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed" 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here. As already noted above, Jumio, the sole defendant, is a citizen of California and Delaware. *See* Ex. 1 ¶ 9. Thus, no defendant is a citizen of Illinois—the state where the action was filed. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").[1]

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Ex. 1 ¶¶ 43–53 (asserting a single claim against Jumio under BIPA).

---

[1] For the same reason, this Court may not decline to assert jurisdiction over this case under 28 U.S.C. § 1332(d)(3) (permitting a district court to decline jurisdiction over "a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants are citizens of the State in which the action was originally filed*") (emphasis added).

    **C.    Venue is Proper.**

The Northern District of Illinois is the proper venue assignment for this action upon removal because this district embraces the Circuit Court of Cook County, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

    **D.    Jumio has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. Copies of the complaint and summons were served on Jumio on January 14, 2022, *see* Exs. 1–3, and this Notice of Removal is filed within 30 days of service of the complaint in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a). As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Jumio are being filed herewith as Exhibits 1 and 2.

Pursuant to 28 U.S.C. § 1446(d), Jumio will promptly serve on Plaintiff and file with the Circuit Court a written notice of removal to federal court.

### III.    RESERVATION OF RIGHTS AND DEFENSES

None of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Jumio's rights or defenses. To the contrary, Jumio expressly reserves all of its rights and defenses. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *see also Bryan v. Wal-Mart Stores, Inc.*, No. C 08-5221, 2009 WL 440485, at *3 (N.D. Cal. Feb. 23, 2009) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## IV. CONCLUSION

Jumio requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the Circuit Court of Cook County, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

Dated: February 11, 2022

Respectfully submitted,

/s/ Susan D. Fahringer

Susan D. Fahringer
Nicola C. Menaldo*
Anna Mouw Thompson*
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
SFahringer@perkisncoie.com
NMenaldo@perkinscoie.com
AnnaThompson@perkinscoie.com
* Pro Hac Vice application forthcoming

Debra R. Bernard
**PERKINS COIE LLP**
110 North Wacker Drive
34th Floor
Chicago, IL 60606
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
DBernard@perkinscoie.com

*Attorneys for Defendant Jumio Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 11, 2022, a copy of the foregoing **NOTICE OF REMOVAL** was electronically filed via the Court's ECF system and served via email on the following attorneys of record:

J. Eli Wade-Scott
ewadescott@edelson.com
Schuyler Ufkes
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: 312-589-6370
Firm ID: 62075

*Attorneys for Plaintiff*

*/s/ Susan D. Fahringer*
Susan D. Fahringer