IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORY DAVIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>JUMIO CORPORATION, a Delaware corporation,<br><br>    Defendant. | Case No. 1:22-cv-00776<br><br>Honorable Andrea R. Wood |



FILED

MAR 11 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### JUMIO CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Jumio Corporation ("Jumio") by its counsel, respectfully moves this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support, states as follows:

1. This is a putative class action under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et.seq.*, which claims that Jumio violated BIPA Section 14/15(b) in connection with Plaintiff's alleged verification of his identity through a mobile application (the "Binance App") in order to trade on the Binance cryptocurrency exchange.

2. Jumio moves to dismiss this Complaint for two reasons, as more fully set forth in Jumio's Memorandum of Law in Support of this motion.

3. First, the Court should dismiss the Complaint because it is flatly barred by BIPA's GLBA exception. Binance is a financial institution subject to the GLBA, and to apply BIPA to Jumio based on Plaintiff's alleged use of the Binance App would be to apply BIPA "in any manner" to Binance. 740 ILCS 14/25(c). This is expressly barred under BIPA and justifies dismissal with prejudice because the fatal defect cannot be cured by amendment. *See Doermer v. Callen*, 847 F.3d 522, 528 (7th Cir. 2017).

4.  Second, Plaintiff has not alleged any facts showing that the conduct relevant to his BIPA claim against Jumio occurred primarily and substantially in Illinois. As a result, BIPA, which does not apply extraterritorially, is inapplicable.

WHEREFORE, Jumio respectfully requests that this Court grant this motion and dismiss the Complaint against Jumio with prejudice and for such other and further relief the Court deems necessary and appropriate in the interest of justice.

Dated: March 11, 2022

Respectfully submitted,

*/s/ Susan D. Fahringer*

Susan D. Fahringer
Nicola C. Menaldo
Anna Mouw Thompson (Pro Hac Vice)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
SFahringer@perkinscoie.com
NMenaldo@perkinscoie.com
AnnaThompson@perkinscoie.com

Debra R. Bernard
**PERKINS COIE LLP**
110 North Wacker Drive
34th Floor
Chicago, IL 60606
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
DBernard@perkinscoie.com

*Attorneys for Defendant Jumio Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 11, 2022, a copy of the foregoing **JUMIO CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was electronically filed via the Court's ECF system and served via email on the following attorneys of record:

J. Eli Wade-Scott
ewadescott@edelson.com
Schuyler Ufkes
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: 312-589-6370
Firm ID: 62075

*Attorneys for Plaintiff*

/s/ Susan D. Fahringer
Susan D. Fahringer